AO 91 (Rev. 11/11) Criminal Complaint

**SEALED**

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 30 2019

CLERK, U.S. DISTRICT COURT
By _____
  Deputy

| | |
|---|---|
| United States of America<br>v.<br>**BOBBY WAYNE PEARCE**<br><br>*Defendant(s)* | Case No. **3-19MJ090-BT** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 18 to 24, 2018** in the county of **Dallas** in the **Northern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251 | Production of Child Pornography |

This criminal complaint is based on these facts:
See attached affidavit of ICE/HSI Special Agent John Jones.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John Jones Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **01/30/2019**

_____
*Judge's signature*

City and state: **DALLAS, TEXAS**

Rebecca Rutherford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Jones, being duly sworn under oath, do hereby depose and state:

1. I am a Special Agent with the Department of Homeland Security, ICE/HSI, in Dallas, Texas assigned to the North Texas Trafficking Task Force (NTTTF). I have been a criminal investigator for seven years, with much of that time devoted to investigating crimes such as drug smuggling, human smuggling and human trafficking. Prior to being assigned to the NTTTF in Dallas, I was assigned to the San Diego, California office. I have been the lead investigator in various types of investigations across multiple disciplines. I have received training from the Federal Law Enforcement Training Center (FLETC) and other law enforcement agencies in investigating smuggling, trafficking, and distribution of contraband and people in and out of the United States. As a law enforcement officer, I have used a variety of methods to investigate criminal activity, including, but not limited to, visual surveillance, witness interviews, the use of search warrants, confidential informants, and undercover agents. I have been the Affiant for and have participated in the execution of numerous search and arrest warrants.

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General of the United States to request a search warrant. As a federal agent, I am authorized to investigate violations of laws of the United States and have the authority to execute warrants issued under the

authority of the United States. I am also in routine contact with experts in the field of computers, computer forensics, and internet investigations.

3. In preparation of this affidavit, I have discussed the facts of this case with other law enforcement agents/officers within ICE and the NTTTF, including agents currently assigned to the HSI Dallas Child Exploitation Group and HSI Dallas Digital Forensics Unit. The information contained in this affidavit is based on my personal knowledge, information that I received from other law enforcement agents assisting in this investigation, and what I have learned from other sources specifically discussed herein. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth each and every fact known to me regarding this case.

4. Based on my training and experience, I am aware that it is a violation of 18 U.S.C. § 2251(a) for any individual to employ, use, persuade and induce a minor under the age of eighteen, to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate commerce by any means.

5. This affidavit is made in support of a criminal complaint charging Bobby Wayne PEARCE (hereinafter, "PEARCE") with violating 18 U.S.C. § 2251(a), Production of Child Pornography. The information set forth in this affidavit comes from my training and experience, and information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant. I have not included each and every fact known to me concerning this

investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that on or about October 20, 2018, the exact date being unknown, in the Dallas Division of the Northern District of Texas, PEARCE knowingly produced child pornography using materials that had been mailed, shipped, and/or transported in and affecting interstate commerce, in violation of 18 U.S.C. § 2251(a).

## FACTS IN SUPPORT OF PROBABLE CAUSE

6. On October 18, 2018, members of the NTTTF received information from a caseworker at Christ's Haven for Children in Keller, Texas, that a fourteen-year-old (14) female, hereafter referred to as Jane Doe 1 (JD1), had not returned to the facility after school.

7. Prior to her disappearance, law enforcement learned that JD1 may have been engaging in online sexual conduct with an adult using one or more tablets belonging to JD1. Law enforcement obtained two Amazon Kindle Fire tablets seized by staff at Christ's Haven, and subsequently sought and obtained state search warrants for those devices. A forensic search of these tablets revealed communications conducted over the mobile messaging application "KIK" between JD1 and PEARCE. These communications included, but were not limited to, PEARCE acknowledging JD1's age and status as a minor, multiple sexually explicit conversations, details about the arrangements being made by PEARCE to depart with JD1 and plans to conceal JD1 from law enforcement. An element of the plan discussed by PEARCE was his intention to traffic JD1 by having another adult male provide PEARCE and JD1 with a place to hide out, and in exchange,

3

that male would be able to have sex with JD1 himself. PEARCE sent a series of messages to JD1 on September 30, 2018, stating "*I have a friend in Colorado.... I am sure we could hide out at his place for a while.... I need to talk to him and make plans... I have to tell you, when we first get there, you may get fucked a lot. He likes young girls.*"

8. On October 26, 2018, a Magistrate Judge in Tarrant County, Texas issued an arrest warrant for PEARCE for the offense of Aggravated Kidnapping.

9. On October 26, 2018, members of the United States Marshals Service Gulf Coast Regional Task Force in Greenville, Alabama placed PEARCE under arrest for Aggravated Kidnapping. At the time of his arrest, PEARCE was driving a 1997 Dodge Caravan, and JD1 was a passenger within the vehicle. PEARCE was booked into the Butler County Jail.

10. On November 2, 2018, Homeland Security Investigations (HSI) Special Agent Jones sought and obtained a vehicle search warrant in the District Court of Butler County, Alabama. The search warrant was issued for the 1997 Dodge Caravan with PEARCE when he was arrested on October 26, 2018. The search of the van resulted in the recovery of three cellular telephones: (1) a ZTE Cellular Telephone (IMEI# 865356032069775); (2) a ZTE Cellular Telephone (IMEI# 865356030646475) and (3) a LG Cellular Telephone (IMEI# 352972090699087) ("hereinafter the Devices").

11. On November 2, 2018, HSI Special Agent Jones and FWPD Detective Matthews conducted a recorded interview of PEARCE at the Butler County

Investigator's office in Evergreen, Alabama. PEARCE waived his *Miranda* rights and agreed to talk to law enforcement.

12. PEARCE identified the Devices, and claimed ownership of the two ZTE brand cellular telephones (Device 1 and Device 2) and stated that they are his only means of accessing the internet. PEARCE stated he bought the LG brand cellular telephone (Device 3) for JD1.

13. PEARCE admitted that he utilized Device 1 and 2 to receive and distribute child pornography. PEARCE further admitted that he has viewed child pornography over the internet for the past ten to twelve years, and he exchanged child pornography with other men to acquire new material. PEARCE stated that he used the Devices to produce child pornography by taking sexually explicit photographs and videos of JD1. PEARCE described the photographs and videos he most recently produced with his devices as JD1 nude in a bathtub, standing nude beside and lying on a bed, masturbating, stripping and JD1 giving him oral sex.

14. PEARCE stated that he has knowingly transferred and received obscene material of a pornographic nature from multiple minors over the internet to include exchanging pornographic photographs with JD1. PEARCE stated that JD1 told him she was fourteen years old when they first began communicating online. PEARCE stated that he later sent "three to four" close-up nude photographs of his penis to JD1. PEARCE identified three additional juvenile victims with whom he also exchanged sexually

explicit communications. PEARCE identified these victims ages as twelve, fifteen and fifteen.

15. PEARCE stated that he and JD1 made their initial plans to depart Texas over the internet via the messaging application KIK, which he accessed via his cellular telephones. PEARCE acknowledged that he was picking JD1 up for the purpose of having sex with her, and that they discussed this in online communications. PEARCE stated that after he bought JD1 a cellular telephone, they began directing most of their communications over their cellular telephones. PEARCE stated that he also utilized his cellular telephones to book the hotel rooms used by him and JD1, where they engaged in sex.

16. In addition, PEARCE stated that he utilized his cellular telephones to send sexually explicit photographs and videos of JD1 to other men in an attempt to exchange sex with JD1 for a place where they could stay. PEARCE stated that he sent the explicit material to "three or four" different men who lived in Georgia, Alabama and New York.

17. PEARCE stated that between October 18 and 24, 2018 in Mesquite, Texas, he and JD1 engaged in oral sex, sexual intercourse and anal sex. PEARCE stated that he had unprotected sexual intercourse with JD1 "three to four" times. PEARCE stated that he gave to and received unprotected oral sex with JD1 between "seven and eight" times. PEARCE stated that he had unprotected anal sex with JD1 one time. PEARCE also stated that he bought JD1 the "Plan B" pill.

18. After her recovery, law enforcement interviewed JD1. JD1 confirmed

much of what PEARCE admitted during his interview, including: (1) his knowledge that she was fourteen years old; (2) the sexual contact (3) the production of child pornography and the (4) use of the Devices to facilitate these crimes, among other things.

19. On January 22, 2019, HSI Dallas sought and obtained a warrant from United States Magistrate Judge Rebecca Rutherford, Northern District of Texas, authorizing the search of the Devices previously seized from PEARCE, and the phones were turned over to HSI Forensic Analyst McCrosky for examination that same day.

20. On January 29, 2019, HSI Special Agent Jones reviewed the forensic download provided by Forensic Analyst McCrosky.

21. The forensic download of the ZTE device (IMEI# 865356032069775), previously claimed by PEARCE during his November 2, 2018 interview, revealed multiple videos and images depicting JD1 engaged in sexually explicit conduct with PEARCE.

22. A number of these videos and images were produced using PEARCE's ZTE device on or about October 20th and 21st, 2018, dates he admitted he and JD1 were in Mesquite, Texas, and they are described as follows:

| File Name | File Description |
| --- | --- |
| 1412c880-1c16-458a-ade2-05d1992293ec.jpg | An image depicting JD1, a juvenile female who is 14 years old, performing oral sex on PEARCE's penis. |
| 1540108696302.jpg | An image depicting JD1, a juvenile female who is 14 years old, having sexual intercourse with PEARCE. PEARCE is penetrating JD1's vagina with his penis. |
| 1540108697407.jpg | An image depicting JD1, a juvenile female who is 14 years old, straddling PEARCE while both are fully nude. JD1 is masturbating PEARCE's penis. |
| 095a7300-181f-4318-b4ff-9759b642cfa7.mp4 | A video depicting JD1, a juvenile female who is 14 years old, performing oral sex on PEARCE's penis. |
| 8230b4d5-4e8a-4055-9f58-e64d59ecfb59.mp4 | A video depicting JD1, a juvenile female who is 14 years old, having sexual intercourse with PEARCE. PEARCE is penetrating JD1's vagina with his penis. |
| 27a832cc-1b44-4dcb-8e2f-7e9a88b3e1fe.mp4 | An image depicting JD1, a juvenile female who is 14 years old, straddling PEARCE while both are fully nude. JD1 is masturbating PEARCE's penis. |

Based on my training and experience in child exploitation investigations, I submit that these files constitute child pornography, as defined in 18 U.S.C. § 2256.

24. Based on my training, experience, and publicly available information, I am aware that ZTE mobile devices are manufactured and assembled outside of the state of Texas. Therefore, for the device to be present in Texas, it had to travel in and affect interstate and/or foreign commerce.

## **CONCLUSION**

25. Based on the facts and circumstances set forth in this affidavit, I submit there is probable cause to believe that Bobby Wayne PEARCE did employ, use, persuade and induce a minor under the age of eighteen, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in and affecting interstate commerce by any means, in violation of 18 U.S.C. § 2251(a).

_____
John Jones, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on January 30, 2019.

_____
HON. REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS